## HENRY K. RUTAN *vs.* THEODORE E. LUDLAM.

R. sold to L. a horse, for which L. conveyed to him a house and lot, and gave a note for $25. L. brought a suit against R. to recover damages for a false warranty of the horse; *held,* that evidence of the value of the house and lot was inadmissible, the only question in the case being the difference in value between a sound horse and an unsound one.

*Certiorari* to Passaic Pleas.

VREDENBURGH, J. This was an action on the case, brought before a justice by Ludlam against Rutan, for a false warranty of a horse sold by Rutan to Ludlam. Among other evidence before the pleas, witnesses testified that Rutan received from Ludlam, for the horse, a deed for a house and lot and a note for $25.

Rutan proved that the horse was not worth more than $600 by some witnesses, one witness testifying that it was worth $650.

Ludlam then proved that one person had offered the defendant $750 for the horse.

Rutan offered then to rebut this last evidence, which being objected to was overruled.

This was considered to be erroneous.

It appears to me that the whole inquiry was entirely immaterial. The suit was brought for a false warranty, and the inquiry was not as to the worth of the house and lot, but what was the difference in value between a sound horse and an unsound one.

It is said that the value of the lot may be inquired into to show what both parties thought the horse would have been worth if sound. But I do not see that the worth of the lot is any evidence that the defendant considered the $25 and the lot was worth as much as the horse; on the contrary, it appears to me that it is evidence that he did not, for otherwise why did he trade? His object was to get something of more value, and to get the advantage by

the superiority of his judgment. To measure the value of the horse by the value of the lot, is to take from the plaintiff the value of his trade, and give it to the defendant. If the plaintiff, at the trade, had averred the lot to have been of any particular value, it would have gone to show what he considered the value of the horse, otherwise giving evidence of the value of the lot only offered to the jury a false measure of damages.

I see no error. Let the judgment be affirmed.